IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOSE MANUEL RIVERA PERLERA, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 8:21-cv-01320-PX |
| ALEJANDRO MAYORKAS, *et al.*, | * |
| Defendants. | * |

***

# MEMORANDUM OPINION

Pending before the Court is the motion to dismiss filed by Defendants Alejandro Mayorkas, in his official capacity as Secretary of Homeland Security ("DHS"); Tracy Renaud, in her official capacity as Acting Director of the United States Citizenship and Immigration Services ("USCIS"); and Terri Robinson, in her official capacity as Director of the USCIS National Benefits Center (collectively "the Government"). ECF No. 17. The motion is fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the motion is GRANTED in part and DENIED in part.

## I. Background[1]

Plaintiff Jose Manuel Rivera Perlera ("Rivera Perlera") was born in El Salvador on June 4, 1995, and entered the United States on May 26, 2013, where he has lived ever since. ECF No. 1 ¶¶ 6, 15. On June 2, 2016, the Prince George's County Circuit Court ordered the appointment of a guardian for Rivera Perlera and made findings necessary for him to obtain a Special

---

[1] The Court accepts the Complaint facts and all documents integrated to the Complaint as true and construes them in the light most favorable to Rivera Perlera. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Immigrant Juvenile ("SIJ") classification pursuant to the Immigration and Nationality Act, §§ 101 *et seq.*, 8 U.S.C. §§ 1101 *et seq.* ("INA").  ECF No. 1 ¶ 16; *see also* ECF No. 1-2.

Under the INA, an alien qualifies for SIJ status if (1) he has been declared "dependent" on a juvenile court; (2) reunification with one or both parents is not viable due to "abuse, neglect, abandonment, or a similar basis"; and (3) return to his country is not in his best interest.  *Cabrera Cabrera v. USCIS*, 374 F. Supp. 3d 153, 155 – 56 (D.D.C. 2019); 8 U.S.C. § 1101(a)(27)(J).  Implementing regulations require that the alien also be "under 21 years of age at the time of filing" the request for SIJ status.  8 C.F.R. 204.11(b)(1).  An application is considered "filed" on the date that it is "properly filed and received by USCIS."  8 C.F.R. § 204.1(b); 8 C.F.R. § 103.2(a)(7)(i).  USCIS accepts for filing only SIJ applications that it receives through the mails.  8 C.F.R. § 204.1(b); ECF No. 1 ¶¶ 18, 34.  Once an alien is found to be an SIJ, that person may secure eventual lawful permanent resident status.

This case turns on the timing of Rivera Perlera's SIJ application, also known as a Form I-360.  Because the Circuit Court issued its order on June 2nd, two days before Rivera Perlera's twenty-first birthday, his counsel sent the Form I-360 to USCIS by UPS overnight mail.  ECF No. 1 ¶¶ 16 – 19; *see also* ECF No. 17-2 at 11 – 22.  Accordingly, Rivera Perlera expected USCIS to receive the application by Friday June 3, 2016, and thus, per the regulations, deem it filed before he turned 21.  ECF No. 1 ¶ 19.

On December 28, 2016, USCIS issued a written notice to Rivera Perlera regarding his SIJ status.  ECF No. 1 ¶ 20; ECF No. 1-4.  The notice expressly stated that Rivera Perlera had been "approved" as a "Special Immigrant-Juvenile" and that Rivera Perlera should submit this written notice with his residency application.  ECF No. 1-4.

Rivera Perlera heard nothing more about his SIJ status until three years later, when USCIS issued to him a Notice of Intent to Revoke his SIJ approval. ECF No. 1 ¶ 22; ECF No. 1-5 at 1 ("NOIR Letter"). USCIS cited as the sole basis for the revocation that "you were over the age of 21 on the date you filed your Form I-360." ECF No. 1-5 at 1. Rivera Perlera, through counsel, responded to the NOIR Letter on March 8, 2019, explaining that he had overnight mailed the full Form I-360 for delivery by June 3, 2016, a day before he turned 21. ECF No. 1 ¶¶ 23 – 24; ECF No. 1-6 at 1. Rivera Perlera also pressed that because USCIS would only accept a mailed submission, as opposed to an electronic or hand-delivered application, USCIS arbitrarily delayed his otherwise valid and complete application and prevented Rivera Perlera from proving that he timely filed for SIJ status before his birthday. ECF No. 1-6 at 2 – 3.[2] Ultimately, USCIS formally revoked approval of Rivera Perlera's SIJ status for the same reason stated in the NOIR—because the agency considered the application as having been filed after his twenty-first birthday. ECF No. 1 ¶¶ 26 – 27; ECF No. 1-12 at 1.

Rivera Perlera next initiated this lawsuit, challenging the revocation of his SIJ under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.* (Count I), and as a violation of the Fifth Amendment right to due process and equal protection (Count II). ECF No. 1 ¶¶ 31 – 47. The Government now moves to dismiss the claims, arguing that this Court lacks subject matter jurisdiction, and that even if the Court retained jurisdiction, the allegations fail as a matter of law.

## II.   Standard of Review

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "addresses whether [the plaintiff] has a right to be in the district court at all

---

[2] After Rivera Perlera received the NOIR, he separately filed his Form I-485 petition to obtain permanent residency in the United States. ECF No. 1 ¶ 25; ECF No. 1-10.

and whether the court has the power to hear and dispose of his claim[.]" *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). "The plaintiff bears the burden of establishing subject matter jurisdiction." *Duncan v. Kavanagh*, 439 F. Supp. 3d 576, 581 (D. Md. 2020) (quotation omitted). Where, as here, the defendant contends that jurisdiction is lacking based on the face of the complaint, "the plaintiff 'is afforded the same procedural protection as he would receive under Rule 12(b)(6) consideration.'" *Id.* (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). Namely, the court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

If the Court retains jurisdiction to hear the claim, it next turns to whether the complaint's factual allegations, accepted as true and viewed most favorably to the plaintiff, "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570).

With these standards in mind, the Court first reviews the APA claims.

### III.   Analysis

#### A.   APA Claims

Rivera Perlera fronts two distinct APA challenges. First, he avers that the Secretary's revocation of his SIJ status was arbitrary and capricious because the "time elapsed between

4

approval and revocation" was unreasonable.  ECF No. 1 ¶ 37.  Second, he challenges as arbitrary and capricious the regulatory requirements for filing.  *Id.*

The Government maintains that this Court lacks jurisdiction to hear both claims pursuant to the jurisdiction-stripping provision of the INA, 8 U.S.C. § 1252(a)(2)(B).  This provision precludes judicial review of any "decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]"  8 U.S.C. § 1252(a)(2)(B)(ii).  In short, the Secretary's discretionary decisions are beyond the purview of this Court.  *See Polfliet v. Cuccinelli*, 955 F.3d 377, 383 (4th Cir. 2020) (claim unreviewable where the INA "confers discretion upon the Secretary to revoke visa petitions").

Turning to the first challenge—whether the delayed revocation of the SIJ violates the APA—Rivera Perlera essentially challenges *when* the Secretary revoked his SIJ status.  ECF No. 1 ¶¶ 35 – 36.  He suggests that because the Secretary waited over three years to reconsider the viability of the petition, this alone renders the decision arbitrary and capricious.  Fatal to the claim, however, is that under the INA, the Secretary "may, *at any time*, for what he deems to be good and sufficient cause, revoke the approval of *any* petition approved by him under section 1154 of this title."  8 U.S.C. § 1155 (emphasis added).  Because the SIJ is one such petition approved under section 1154, *see* 8 U.S.C. § 1154(a)(1)(G)(i), the timing of revocation is left solely up to the Secretary.  Thus, this decision, as one "in the discretion" of the Secretary, is beyond this Court's review and Rivera Perlera's claim challenging it must be dismissed for lack of jurisdiction.  8 U.S.C. § 1252(a)(2)(B)(ii).  *Cf. Polfliet*, 955 F.3d at 383.

Rivera Perlera next challenges as arbitrary and capricious the filing regulations that restrict SIJ applicants to submitting their I-360s solely through the mails.  He avers that the

process makes it "impossible" for otherwise qualified applicants to timely submit their SIJ petitions. ECF No. 1 ¶¶ 34, 37. As framed, this claim does not challenge the Secretary's decision to revoke Rivera Perlera's SIJ status, but rather takes aim at the applicable regulations themselves. The Government suggests in response that this claim is little more than a dressed-up challenge to the Secretary's discretionary decision to revoke the petition. Thus, says the Government, Rivera Perlera should not be able to circumvent the jurisdictional bar to review by artful pleading. ECF Nos. 17-1 at 8 – 9 & 19 at 2.

This issue aligns identically with that addressed in *Cabrera Cabrera v. USCIS*, 374 F. Supp. 3d 153, 161 (D.D.C. 2019). There, as here, the plaintiff filed suit after he was first approved for SIJ status only to have the Secretary revoke such approval based on arbitrary and inscrutable "filing requirements." *Id.* at 155 – 58, 161. The *Cabrera Cabrera* Court concluded that to the extent the plaintiff challenged the Secretary's underlying revocation decision, the INA precluded judicial review. *Id.* at 162. But to the extent the challenge was aimed at the "constellation of regulations" themselves as arbitrary and capricious, the APA claim was reviewable, given the "strong presumption that Congress intends judicial review of administrative action." *Id.* at 161 (quoting *Bowen v. Mich. Acad. of Family Physicians*, 476 U.S. 667, 670 (1986)).

The Court agrees with *Cabrera Cabrera*'s analysis and adopts it here. Rivera Perlera plainly avers that the USCIS regulatory scheme, which restricts the SIJ applicant to the mails without explanation, renders it "impossible" for certain eligible applicants to timely apply. As to USCIS' arbitrary filing restrictions placed on SIJ petitions, the Court retains jurisdiction to hear the claim.[3]

---

[3] The Government, in reply, emphasizes that since *Cabrera Cabrera*, the District of Columbia Circuit in *iTech U.S., Inc. v. Renaud*, 5 F.4th 59, 67 (D.C. Cir. 2021), has concluded that the Secretary's "revocation

Turning next to the legal sufficiency of the claim, the Complaint makes plausible that USCIS regulations violate the APA.  The Complaint avers that USCIS limits the method of application to mailing only—that it does not accept either electronic filing or hand delivery as it does for many other kinds of applications.  ECF No. 1 ¶¶ 18, 46.  The Complaint also avers that this arbitrary and irrational filing procedure has made it "impossible" for otherwise qualified applicants to meet the relevant filing deadlines.  Id. ¶ 34.  In Rivera Perlera's case, the application was delivered to USICS before his 21st birthday and thereafter approved, only later to be rejected as late filed.  Id. ¶¶ 19 – 20.  Cf. In re 21st Birthday Denials of Special Immigrant Juvenile Status Applications By USCIS, No. 22-cv-1926, 2022 WL 16540657, at *1, 9 – 10 (E.D.N.Y. Oct. 28, 2022).

Moreover, allegations of disparate treatment also bolster the plausibility of his APA claim.  See Cabrera Cabrera, 374 F. Supp. 3d at 162; see also Kirk v. Comm'r of Soc. Sec. Admin., 987 F.3d 314, 321 (4th Cir. 2021) (citing Burlington N. & Sante Fe Ry. Co. v. Surface Transp. Bd., 403 F.3d 771, 777 (D.C. Cir. 2005)).  It is undisputed that DHS regulations allow electronic signatures for at least some benefits applications, but not others.  See 8 C.F.R. § 103.2(a)(2).  Likewise, USCIS accepts select applications online via the USCIS website.[4]  The Government ultimately may be able to justify the reasons for such apparently inexplicable differences in the filing requirements.  But at the pleading stage, the Complaint has averred sufficient facts to defeat dismissal.

---

decisions" are unreviewable.  ECF No. 19 at 2.  But as already discussed, because Rivera Perlera's claim challenges as arbitrary and capricious the filing regulations themselves, not the merits of the Secretary's decision, iTech does not compel a different result.

[4] The Court takes judicial notice of the USCIS online applications process for such applications as the Petition for Alien Relative (Form I-130) and Application for Employment Authorization (Form I-765), among others.  See United States v. Garcia, 855 F.3d 615, 621 (4th Cir. 2017) (courts "routinely take judicial notice of information contained on state and federal government websites" pursuant to Fed. R. Evid. 201(b)).

### B. Equal Protection and Due Process Challenges

The Court next turns to the constitutional claims. The Complaint avers that the SIJ mail-only filing requirements violate Rivera Perlera's Fifth Amendment rights to due process and equal protection relative to other aliens seeking other relief under the INA. ECF No. 1 ¶¶ 43 – 47. The Government contends that the Court plainly lacks jurisdiction to hear these claims. The Court agrees with the Government.

The INA expressly states that constitutional claims are subject to judicial review, but not before the District Court. Section 1252(a)(2)(D) provides that,

> [n]othing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

Accordingly, although a plaintiff may certainly pursue constitutional claims, he must do so only "upon a petition for review filed with *an appropriate court of appeals in accordance with this section.*" 8 C.F.R. § 1252(a)(2)(D) (emphasis added); *see also Roland v. USCIS*, 850 F.3d 625, 630 (4th Cir. 2017) (Section 1252(a)(2)(D) provides the "exclusive means" for raising constitutional challenges to adjustments of status). More specifically, he must first exhaust his administrative remedies with USCIS through to the Board of Immigration Appeals, and then appeal directly to the Fourth Circuit. *See Lee v. USCIS*, 592 F.3d 612, 620 (4th Cir. 2010); *see also Polfliet*, 955 F.3d at 384. Because this Court lacks the power to hear the constitutional claims, they will be dismissed.[5]

---

[5] Even if this Court somehow retained jurisdiction to hear the constitutional claims, they would fail as a matter of law because the Complaint avers no facts to make plausible that Rivera Perlera suffered deprivation of a cognizable "liberty or property interest giving rise to procedural due process protection." *See Smith v. Ashcroft*, 295 F.3d 425, 429 – 30 (4th Cir. 2002). Naked legal conclusions standing alone do not suffice. *See Twombly*, 550 at 555.

## IV. Conclusion

For the foregoing reasons, the Government's motion to dismiss is granted in part and denied in part. The Court dismisses all claims save for Rivera Perlera's APA challenge to USCIS' filing requirements for Form I-360 petitions.

A separate Order follows.

<u>November 16, 2022</u>                                             <u>            /s/                            </u>
Date                                                                              Paula Xinis
                                                                                  United States District Judge